**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                          **3:06cr50/RV
3:07cv526/RV/MD**

**STEPHEN SHANE STYLES**

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 74).  The government has filed a response (doc. 81) and the defendant has filed a reply  (doc. 85).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant and two co-defendants were charged in a single count superseding indictment with conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii).  Represented by retained counsel, Nicholas Petersen, Esq., defendant signed a standard plea and cooperation agreement on July 25, 2006 (doc. 44), the terms of and circumstances surrounding which are central to the

claims raised in this motion.  The agreement expressly provided that any prediction of defendant's sentence was "not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to an accurate prediction." (Doc. 44 at 5).  Via the agreement, defendant acknowledged that adverse rulings or a sentence greater than anticipated would not be grounds for withdrawing his plea. (*Id.*). The defendant expressly agreed "to cooperate fully and truthfully" with the United States Attorney and with his designated representative or with agencies identified by him. (Doc. 44 at 3). Such cooperation included, but was not limited to, "providing complete and truthful debriefings and testimony at grand jury, trial and as otherwise requested, involving any matter under investigation." (*Id.*).  The agreement further provided:

> If, <u>in the sole discretion of the United States Attorney</u>, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the defendant has otherwise complied with all terms of this agreement, ..... the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of the defendant's cooperation.

(emphasis in the original) (Doc. 44 at 5).  The agreement concludes by stating that no other agreements existed between the United States Attorney, Northern District of Florida and the defendant, and that the defendant was entering the agreement knowingly, voluntarily, and upon advice of counsel. (Doc. 44, p. 6).  Defendant told the court under oath that before signing the plea agreement, he carefully read and went over it with his attorney, and that he understood its terms and conditions and the consequences of his plea of guilty under the agreement. (Doc. 78, p. 19).

At his change of plea hearing, the district court conducted what can only be described as a model plea colloquy. (Doc. 78).  The defendant assured the court under oath that he understood there was nothing the government attorney or his own attorney could promise him regarding his sentence. (*Id*. at 3-4, 18).  He further stated that no one had made any promises to him which may have induced him to

plead guilty which were not set out in the written plea agreement.  (*Id.* at 19).  The district court found the defendant to be aware of the possible sentence or punishment that might be imposed upon him, and that defendant's decision to plead guilty was knowingly, freely, and voluntarily made with the advice of counsel with whom he had indicated complete satisfaction. (*Id.* at 21).

Defendant was held accountable for ten kilograms of cocaine in the PSR, resulting in a base offense level of 32.  (PSR ¶ 30).  He received a two level downward adjustment pursuant to the "safety valve" and a three level downward adjustment for acceptance of responsibility.  (PSR ¶¶ 31, 36).  His total offense level was 27 and he had a criminal history category of I.  The applicable guidelines range was 70 to 87 months.[1]  Because defendant was eligible for the safety valve, he avoided the statutory minimum mandatory term of imprisonment, and instead was sentenced to a term of 72 months imprisonment.  He did not appeal.

In the present motion, defendant raises two interrelated grounds for relief.  He contends that his guilty plea was involuntary and that the government breached the plea agreement.  The government contends that his motion is both untimely and without merit.


II.  LEGAL ANALYSIS

A. Under General Legal Standards

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir.

---

[1]It would have been 120 months due to the statutory mandatory minimum but for the application of the safety valve provision.  (PSR ¶ 74).

2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice.").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics,

or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11ᵗʰ Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11ᵗʰ Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11ᵗʰ Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

### B.  Timeliness of Defendant's motion

The record reflects that defendant was sentenced on October 23, 2006 and judgment was entered against him on October 27, 2006.  He did not appeal.  The instant motion was filed, pursuant to the prison mailbox rule, on December 11, 2007. Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires.  See Fed.R.App.P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).  In this case, defendant's conviction and sentence became final when this period expired, on November 6, 2006.  See Fed.R.App.P. 26(a)(2). Therefore, to be timely under this section, his § 2255 motion had to be filed not later than November 6, 2007. Defendant's motion dated December 11, 2007 would appear to be untimely.

Defendant anticipated the issue of the timeliness of the instant motion and addressed the issue in his initial memorandum.  Defendant asserts that he was prepared to testify in the trial of Walter Johnson III, and that he was told he was a "key witness" in that case, but Mr. Johnson entered into a plea agreement in case 3:06cr459/RV on January 30, 2006, which obviated that possibility.  In February of 2007, after Johnson's plea, defendant contacted the office of the United States Attorney about filing a motion for a reduction in sentence due to his substantial assistance.  It was then that he learned that AUSA Tiffany Eggers would not be filing a Rule 35 motion in his case because she did not believe his assistance was sufficient to justify a departure.  Therefore, defendant argues, because he did not learn that he would not receive a Rule 35 motion until February of 2007, his motion is timely pursuant to § 2255(f)(4).

The government contends that the defendant's motion is untimely because it should have been filed one year from the date his conviction became final.  It notes that the defendant received the "safety valve" sentencing reduction codified in 18 U.S.C. § 3553(f), which is awarded only upon a finding that  "...the defendant has truthfully provided to the Government <u>all information and evidence the defendant has </u>concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan... ." (emphasis added).  18 U.S.C. § 3553(f)(5).  The government maintains that since by the time of sentencing the defendant had provided all the information and evidence he had regarding his offense, and the government found this insufficient to warrant the filing of a 5K1.1 motion, defendant should have been on notice no later than sentencing that the government did not believe his assistance to rise to the level it considered to be substantial.  Therefore, the government concludes, the one year statute of limitations would run from the time defendant's conviction became final and not some later time when he was specifically told that the government would not be filing a Rule 35 motion.  28 U.S.C. § 2255(f).  In support of its response, the government has submitted the affidavit of Task Force Officer (TFO) Corey A . Aittama who was the case agent in this case.

(Doc. 81, exh. 1). TFO Aittama indicates that although defendant was interviewed various times, he attempted to minimize his criminal activity and his recollection of details varied. AUSA Eggers explained to the defendant that his previous inability to recall details made it difficult to use him as a witness, but that she and Aittama would meet with him again if they decided to use him as a witness. Aittama states that at no time was defendant ever told that he was the government's "key witness" in Mr. Johnson's trial.

In his response, defendant contends that the government's argument is disingenuous because, if he was not completely forthcoming or truthful as suggested by the affidavit of Agent Aittama, he would not have qualified for the safety valve. He also argues that it was only because Johnson's case was not complete at the time of his sentencing that he did not qualify for a § 5K1 motion.

Although he does not explicitly so state, defendant's argument appears to rest on an assumption that because he was eligible for the safety valve, he must also be eligible for the substantial assistance reduction. This is not a fair assumption as the eligibility criteria for the two sections is not identical. Section 5C1.2 provides in relevant part that in order to be eligible for the safety valve:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5);[2] 18 U.S.C. § 3553(f). The Eleventh Circuit has clarified that this is a "tell-*all*" provision, and that to meet its requirements the defendant must

---

[2]The four other safety valve criteria are: (1) a criminal history category of I; (2) no violence or use of a weapon in conjunction with the offense conduct; (3) the offense did not result in death or serious bodily injury to any person; and (4) the defendant was not an organizer, leader or manager and was not engaged in a continuing criminal enterprise. See U.S.S.G. § 5C1.2(a)(1)-(4).

"truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *United States v. Johnson*, 375 F.3d 1300, 1302 (11ᵗʰ Cir. 2004) (citation omitted); *United State v. Milkintas*, 470 F.3d 1339, 1345 (11ᵗʰ Cir. 2006).  With respect to the safety valve, "it is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose." *Johnson*, 375 F.3d at 1302.

> In contrast, section 5K1.1 provides:
>
> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1.  This is not a matter of merely "coming clean" and providing information. Rather, the significance and usefulness of the defendant's assistance is evaluated by the government and the court, including the truthfulness, completeness and reliability of the  information provided.  *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11ᵗʰ Cir. 1997) (defendant's assistance must yield actual, useful results, not merely amount to a substantial good faith effort in his attempts to assist); *United States v. Orozco*, 160 F.3d 1309, 1315 (11ᵗʰ Cir. 1998) ("The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts.").  And, the assistance is not necessarily limited to offenses related to the offense conduct for which the defendant was convicted.  Similarly, Rule 35 allows for a sentence reduction "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed.R.Crim.P. 35(b)(1).

A defendant who is ineligible for the safety valve reduction because of the additional guidelines requirements may still be eligible for a substantial assistance reduction, and conversely, a defendant who provides information to the government that does not reach the level of substantial assistance may nonetheless be eligible

for application of the safety valve.  See, e.g., *United States v. Suarez O'Neill*, 178 Fed.Appx. 985, 987 (11th Cir. 2006); *United States v. Marsh,* ___ F.Supp.2d ___, 2008 WL 821917 (N.D. Fla. 2008).   And, with respect to this case, even though the defendant may have minimized his involvement previously, or withheld information, lies or omissions do not automatically disqualify him from eligibility for safety valve relief.  *See United States v. Brownlee*, 204 F.3d 1302, 1304 (11th Cir. 2000).  However, such lies or omissions could affect his credibility and usefulness as a witness, and hence his ability to receive credit for providing substantial assistance.

In this case, defendant asserts that he believed that he would be testifying in the Johnson trial, and that he believed that he did not receive the benefit of a 5K1.1 motion only because that trial was not yet complete.  Even offering the defendant the benefit of the doubt and assuming for sake of argument that his position is well taken and the instant § 2255 motion should be considered timely, he is not entitled to relief on his substantive claims.

### C. Defendant's Challenge to validity of Plea

#### 1. Involuntary plea

Defendant's two substantive claims, that his plea was "coerced" by the promise of a substantial assistance motion that failed to materialize, and that the government breached its plea agreement when it failed to file the motion, are closely intertwined.

An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion.  *See, Fontaine v. United States*, 411 U.S. 213, 214-15, 93 S.Ct. 1461, 1462-63, 36 L.Ed.2d 169 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).  However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings.  *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary

and understanding nature of plea).  Solemn declarations made under oath in open court carry a strong presumption of verity.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)*.*  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629;  *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion....include credible, valid reasons why a departure from those earlier contradictory statements is now justified.")*; see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th  Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th  Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th  Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).  Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Hauring*, 790 F.2d 1570, 1571 (11th Cir. 1986); *United States v. Green*, 2008 WL 1923102 (11th Cir. 2008) (Table, text in WESTLAW); *United States v. Reid*, 2007 WL 4190403 (11th Cir. 2007) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933, 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."  *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

The Eleventh Circuit has also held that courts should be skeptical of late, and especially post-sentencing, challenges to guilty pleas, and should strongly guard against permitting defendants to use "the guilty plea as a means of testing the weight of a potential sentence."  *Gonzalez-Mercado*, 808 F.2d at 801; see also *Blackledge*, 431 U.S. at 71-72, 97 S.Ct. at 1628 (noting that guilty pleas are to be

accorded a great measure of finality because more often than not a defendant has "everything to gain and nothing to lose" by attacking his plea.)

Defendant now asserts that he understood the plea agreement to mean that if he provided substantial assistance, the government would move for a downward departure upon the conclusion of the trial of Walter Johnson, III.  He claims in his reply memorandum that "he was informed" that once the Johnson case was closed, "he would be entitled to a Rule 35 motion" (doc. 85 at 4) and that the government gave him a "solemn promise to file the Rule 35 motion after the Johnson case." (Doc. 85 at 9).  His allegations, which never identify the time, manner or maker of the alleged promise, are contradicted by his sworn statements under oath at his rearraignment.

At the rearraignment proceeding in this case, the court asked the defendant whether anyone had made any promises that had induced him to plead guilty, but that were not set out in the written agreement.  (Doc. 78 at 19).  Defendant indicated that there were not. (*Id.*).  The court then asked whether the written document was the complete agreement he had with the government, and the defendant responded that it was. (Doc. 78 at 19-20).  Counsel concurred.  The court offered the defendant the opportunity to ask questions about his case, and he stated that he had none. (*Id.* at 20).  Defendant has not come forward with any credible valid reasons for the contradiction in his statements before the trial court and in the instant motion, and hence he has not born his burden of showing that his statements under oath were false.

### 2.  Breach of Plea

The defendant next contends that the government breached the plea agreement because it did not file a Rule 35 motion.  In the memorandum in support of his initial motion and the affidavit appended to his response, defendant sets forth in detail his cooperation with the government, including the fact that he was

interviewed before his indictment or arrest.[3]  He also notes that both he and his family were threatened or warned that he should not testify against Johnson.  He asserts that in his mind, under the terms of the plea agreement, he would be eligible to receive the benefit of a Rule 35 motion if he provided substantial assistance to the government, but that the government failed to file this motion.  (Doc. 74, memo at 5).

It is well established that the decision to file a 5K1 motion is a matter of prosecutorial discretion.  *United States v. Nealy,* 232 F.3d 825, 831 (11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Orozco,* 160 F.3d 1309, 1315 (11th Cir. 1998); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).  Even plea agreements that require the government *to consider* whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion.  *Forney*, 9 F.3d at 1499-1500.  Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.  *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *United States v. Dorsey*, 512 F.3d 1321, 1324 (11th Cir. 2008); *Nealy*, 232 F.3d at 831.  The Eleventh Circuit has held that refusing to file a 5K1.1 motion in retribution for the exercise of the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*.  *Dorsey*, 512 F.3d at 1325.  In such a situation, the district court may have the authority to depart absent a motion by the government if the defendant makes a "substantial showing" that the government's refusal to file a substantial assistance motion was based on an unconstitutional

---

[3]It is interesting to note, that despite the alleged extent of his pre-indictment cooperation,  he suggests in several places in his memorandum that the filing of the substantial assistance motion hinged only upon his testimony at Johnson's trial.   Were he to contend otherwise, he would have had to concede to the government's position on timeliness.

motive.  *Id.*  However, a defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing.  *Dorsey,* 512 F.3d at 1324 (citing *Wade,* 504 U.S. at 186, 112 S.Ct. at 1844).  A defendant may be entitled to relief, however, if he shows that the prosecutor's refusal to file such a motion was "not rationally related to any legitimate government end."  *Wade,* 504 U.S. at 186, 112 S.Ct. at 1844.

In this case, defendant clearly has a strongly and sincerely held belief that he should have received the benefit of a substantial assistance motion.  However, his personal belief is insufficient to meet his burden of proof under the law.  He has not offered any evidence, or even suggestion, that the government refused to file the motion based upon an improper motive.  As discussed above, the criteria by which a defendant becomes eligible for a substantial assistance motion are not identical to the safety valve criteria, so the fact that he received the benefit of the safety valve does not prove his claim.  Likewise, he tacitly concedes that his pre-indictment cooperation did not rise to the level of justifying the government filing a substantial assistance motion, and takes the position that his testimony in the Walter Johnson trial, which he ultimately was not called upon to give, was pivotal.  While defendant's disappointment that the government did not find his attempts at cooperation sufficient to warrant the filing of a substantial assistance motion either pre- or post-sentencing is understandable, this does not establish a breach of the plea agreement, and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 74)  be DENIED.

**At Pensacola, Florida, this 12th day of June, 2008.**

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**